UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHERMAN CORNELIUS JOHNSON,

Plaintiff,

v.

COUNTY OF HENNEPIN;
HENNEPIN COUNTY ADULT
DETENTION CENTER;
JOHN SKAVNEK, Workhouse Superintendent
JOHN BROWNLEY DAILY, Correctional
Officer; TIMOTHY SCOTT HOWE;
TROY DONALD JEMTRUD; JAMES ROBIN
KIECKSEE; ROY THOMAS KUHA;
CHAD THOMAS MAY; RUSSELL P. ORT;
and JOHN DOES I to V, all individually and
in their official capacities;

Defendants.

CIVIL NO. 02-287 (RHK/JSM)

ORDER

JANIE S. MAYERON, United States Magistrate Judge

This matter came on for hearing before the undersigned on March 3, 2003 upon defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2) and 37(d) [Docket No. 18]. This Order addresses that Motion. Ira W. Whitlock, Esq., appeared on behalf of Plaintiff. Daniel Rogan, Esq., appeared on behalf of Defendants.

## I. FACTUAL BACKGROUND

On September 13, 2002, defendants served plaintiff with Interrogatories, a Request for Production of Documents, and medical releases to be executed by plaintiff. Plaintiff's responses to defendants' discovery requests were due on or about October 17, 2002. Defendants, having received no responses from plaintiff's attorney, brought a motion to

MAR 1 0 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

compel on December 16, 2002. Plaintiff did not submit a memorandum in opposition to defendants' motion. Instead, plaintiff's counsel sent a letter to Magistrate Judge Arthur J. Boylan acknowledging his failure to comply with his discovery obligations, seeking delay of the hearing scheduled for January 2, 2003, and requesting the Court's permission to delay discovery responses until the first week of February 2003. He also asked that no sanctions be imposed and stated he did not oppose defendants' request for an extension of the Scheduling Order. Counsel's reason for failing to provide responses to the discovery was that he had been preparing for months for a first degree murder trial in St. Louis County scheduled to begin on January 2, 2003.

Magistrate Judge Boylan sent a letter to plaintiff's counsel on January 2, 2003, communicating that no sanctions would be assessed for failure to provide discovery responses, so long as discovery responses were provided to defendants by February 7, 2003. The Court placed plaintiff's counsel on notice that failure to comply with this deadline would result in sanctions:

> In your letter you've indicated that you would need until the first week in February to comply with the request for discovery, if you do so, no sanction will be imposed. If you do not comply, the Court will impose sanctions.

The Court also issued an Order providing in relevant part, that "Plaintiff is ordered to provide complete responses to Defendants' discovery on or before February 7, 2003." In addition, the Court ordered that the discovery deadline would be extended to April 1, 2003, to accommodate the delay caused by plaintiff's failure to respond to discovery.

Defendants received no discovery responses from plaintiff by February 7, 2003. Consequently, on February 14, 2003, defendants filed the present motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2) and 37(d). In their motion, defendants requested that

plaintiff's action be dismissed pursuant to Fed. R. Civ. P. 37(b)(2) and (d). In the alternative, defendants requested that plaintiff's claims be limited to whether defendants used excessive force in taking plaintiff down, and that the Court's July 25, 2002 Scheduling Order and January 6, 2003 Order be modified to extend the various deadlines contained in that Order.

Plaintiff's counsel did not at any time communicate with opposing counsel regarding his failure to respond to outstanding discovery. Moreover, plaintiff's counsel did not provide the Court or serve any responsive papers to defendants' motion until the day of the hearing, a violation of Local Rule 7.1(a)(2).[1]

During the hearing, plaintiff's counsel stated that he is a solo practitioner and that he had been unable to answer discovery because of other commitments.[2] Counsel also claimed that he was in the process of freeing up time to focus on his private practice by terminating his contract with the Ramsey County Public Defender's office. In addition, counsel stated that he was attempting to find experienced counsel to assist him with the present case. Plaintiff's counsel acknowledged that sanctions were appropriate for his failure to timely respond to discovery and the Court's January 6, 2003 Order, but asked that the Court not penalize his client for his conduct by dismissing the action.

At the hearing, plaintiff's counsel served on defendants' counsel unexecuted Answers to Interrogatories, Responses to Requests for Production of Documents, and executed medical releases. At the Court's request, defendants' counsel reviewed

---

[1] Local Rule 7.1(a)(2) requires the filing and service of responsive pleadings seven days prior to the hearing date.

[2] Counsel has a part-time contract with the Ramsey County Public Defender's Office and was in a murder trial in Duluth throughout the month of January, 2003.

plaintiff's discovery responses during the hearing. Defendants' counsel indicated there were several deficiencies in plaintiff's responses to discovery.

## II. DISCUSSION

### A. Sanctions are Warranted

Defendants, in their Motion for Sanctions, requested that plaintiff's suit be dismissed. Federal Rule of Civil Procedure 37(b)(2) allows the Court to consider numerous sanctions for failing to comply with an order compelling discovery, including dismissal of an action, where there is "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." Everyday Learning Corp. v. Larson, 242 F.3d 815, 817 (8th Cir. 2001) (emphasis added) (quoting Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000)).

In this case, there is no question that Magistrate Judge Boylan issued an Order compelling plaintiff to "provide complete responses to Defendants' outstanding discovery on or before February 7, 2003." Magistrate Judge Boylan also sent plaintiff's counsel a letter putting him on notice that failure to abide by the February 7, 2003, deadline would result in sanctions.

Furthermore, there is ample evidence to find that plaintiff's counsel willfully violated the Court's Order. The Order, in response to defendants' motion to compel, clearly required plaintiff to provide complete discovery responses by February 7, 2003. Plaintiff failed to meet this deadline. At no time did plaintiff's attorney call opposing counsel to give him a reason why he had failed to respond to discovery or that he was taking steps to meet his obligations.

Counsel's argument that he did not willfully violate the Court's Order because he was too busy to comply with its requirements lacks credibility. Counsel stated that he was involved in a murder trial that ended on January 31, 2003. However, this does not account for the time between February 1, 2003, to February 7, 2003, in which he could have complied with the Court's Order or at least communicated with opposing counsel as to his inability to do so. Nor does it explain why plaintiff did not respond to defendants' discovery requests until March 3, 2003, the day of the hearing, and almost a month after the court-ordered deadline. Plaintiff's counsel only responded to the discovery after defendants brought a motion for sanctions and requested dismissal of the suit.

Third, counsel's actions have prejudiced defendants' ability to defend themselves in this action. The discovery deadline in this case is April 1, 2003. Plaintiff served responses to defendants' discovery and executed medical releases on March 3, 2003. Defendants' counsel stated during the hearing that the responses served by plaintiff are incomplete. Because of plaintiff's delay in responding to defendants' written discovery, defendants are unable to properly investigate plaintiff's claims in order to prepare for trial. Plaintiff's conduct has prevented defendants' from serving follow-up written discovery within the current discovery deadline. Plaintiff's delay has also hindered defendants' ability to conduct depositions, retain and prepare experts, and to prepare for dispositive motions which are to served and filed by June 15, 2002.

For all of these reasons, the Court finds sanctions are warranted.

**B. <u>Dismissal of the Suit is Not Appropriate Under the Circumstances</u>**

In light of the Court's findings that there was an order compelling discovery, willful violation of that order, and prejudice to defendants, sanctions under

Fed. R. Civ. P. 36(b)(2) are warranted. However, before dismissing a case under Rule 37 (b)(2), fairness requires that a court consider whether a sanction less extreme than dismissal is available or appropriate. Keefer, 238 F.3d at 941 (citation omitted).[3] See also, Avionic Co. v. General Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992). The court is not obligated to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances. Keefer, 238 F.3d at 941 (citation omitted)

Here, the Court finds that dismissal of plaintiff's suit is not warranted at this time. First, it is a "well-established principle that a party is responsible for the actions of his or her counsel and that, under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions[,]'" See Everyday Learning Corp., 242 F.3d at 817 (quoting Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992). However, unlike Everyday Learning Corp., there is nothing in the record to suggest that plaintiff was the cause of the extraordinary delay in responding to defendants' discovery or the failure to comply with the Court's Order compelling responses to this discovery by February 7, 2003. Second, while the Court does not condone counsel's disregard for the deadlines imposed by the Federal Rules of Civil Procedure or Magistrate Judge Boylan's Order in connection with this discovery, or the requirements of the Local Rules which govern motion practice, the Court finds that there is not the long series of discovery abuses and pretrial order violations present in other cases where the court exercised its discretion and ordered dismissal of the pending suit. See e.g., Everyday Learning Corp., 242 F.3d

---

[3] "There is a strong policy in favor of deciding a case on its merits, and against depriving a party of his day in court." Chrysler Corp. v. Carey, 186 F.3d 1016, 1020 (8th Cir. 1999) (citation omitted).

at 817-18; Keefer, 238 F.3d at 941; Chrysler Corp., 186 F.3d at 1022.

Third, less extreme sanctions are available and appropriate. An extension of the discovery, motion and trial ready deadlines will alleviate any prejudice that defendants have suffered to date due to plaintiff's actions by giving defendants additional time to properly develop their case and prepare for trial. Also, the imposition of monetary sanctions against plaintiff's counsel and the requirement he make reasonable efforts to associate with experienced counsel in the instant case, will send the message to plaintiff's counsel that the court will not countenance in the future his conduct towards this Court, his client or defendants.

### C. Monetary Sanctions Against Plaintiff's Counsel and Other Relief

Federal Rules of Civil Procedure 37(b)(2) provides the Court the authority to order a party failing to abide by an order, or an attorney advising that party, to pay attorney's fees caused by the failure to abide by the court's order. The sanctions listed in Rule 37 are not exhaustive and a court may apply other sanctions so long as the sanction pertains to the violation of the order and is just. See Fed. R. Civ. P. 37(b)(2). Based upon the findings as set forth in this opinion, the Court orders that counsel for plaintiff pay defendants $400 for the expenses incurred in bringing their motion to compel and motion for sanctions, and $600 to the Clerk of Court for counsel's conduct. See Lee v. L.B. Sales, Inc., 177 F.3d. 714, 719 (8th Cir. 1999).

Defendants incurred $200 in expenses arising out of their initial Motion to Compel and an additional $200 as a result of opposing counsel's failure to abide by Magistrate Judge Boylan's Order. Noncompliance with the Order was not justified in any respect, and that there are no circumstances which make an award of expenses unjust. As such,

plaintiff's counsel shall pay $400 to defendants on or before April 1, 2003.

The additional sanction of $600 shall be paid by plaintiff's counsel directly to the Federal Clerk of Court on or before April 1, 2003. This sanction is imposed because of counsel's failure to respond to outstanding discovery on a timely basis, and for his failure to abide by Magistrate Judge Boylan's discovery Order. Plaintiff's counsel never called the Court or opposing counsel to explain why he could not meet the court ordered discovery deadline. Being busy is not an excuse. Plaintiff's counsel is also in violation of Local Rule 7.1 with respect to the untimely filing of his response to defendants' Motion for Sanctions.[4] The Court and defendants received plaintiff's responsive papers at the time of the hearing. Plaintiff's counsel has demonstrated willful indifference to this Court and therefore, an additional sanction is justified.

Here, the monetary sanctions imposed on plaintiff's counsel by the Court are intended to reimburse defendants for the expenses they incurred as a result of the conduct of plaintiff's counsel, and to penalize him for his past improper conduct. In addition, they are imposed to deter counsel from engaging in similar misconduct in the future. See Universal Cooperatives, Inc. v. Tribal Co-Op. Marketing Dev. Fed. of India, Ltd., 45 F.3d 1194, 1198 (8th Cir.1995) (quoting National Hockey League, 427 U.S. at 643).

In addition to these monetary sanctions, the Court requires plaintiff's counsel to engage in reasonable efforts to associate with experienced counsel and to report to the Court his efforts by March 17, 2003. Further, the Court grants defendants' request that the deadlines in its previous Scheduling Orders be extended, and in connection with that relief,

---

[4] Local Rule 7.1(d) provides: "In the event a party fails to timely deliver and serve a memorandum of law, the Court may. . .allow reasonable attorney's fees, or proceed in a manner as the Court deems appropriate."

orders plaintiff to provide full and complete responses to defendants' first set of written discovery by April 1, 2003.

**THEREFORE IT IS HEREBY ORDERED THAT** defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2) and 37(d) [Docket No. 18] is granted in part and denied in part as follows:

1. Defendants' request that plaintiff's action be dismissed is **DENIED**.

2. Defendants' request that certain claims alleged in plaintiff's Complaint be dismissed is **DENIED**.

3. Defendants' request that it be awarded fees associated with bringing their motion, is **GRANTED.** On or before April 1, 2003, plaintiff's counsel shall pay to defendants $400 for their costs and fees incurred in bringing the present motion and the previous motion to compel.

4. Defendants' request for other relief is **GRANTED.** In this regard, on or before March 17, 2003, defendants' counsel shall provide to plaintiff's counsel a letter describing any deficiencies in plaintiffs' responses to defendants' first set of written discovery served by plaintiff, and plaintiff shall provide to defendants complete responses to this discovery, including producing all documents promised in his responses to discovery, by April 1, 2003.

In addition, the Scheduling Order dated July 25, 2003, and amended on January 6, 2003 by the Order of Magistrate Judge Boylan, shall be amended as follows:

June 1, 2003 -- disclosure of defendants' experts and expert reports;

July 1, 2003 -- all discovery completed;

July 1, 2003 -- nondispositive motion deadline (served and filed);

September 1, 2003 -- dispositive motion deadline (served, filed, scheduled and heard); and

November 1, 2003 -- trial ready date.

An Amended Scheduling Order reflecting these changes shall be issued separately.

5. Plaintiff's counsel shall make reasonable efforts to associate with counsel experienced in actions such as plaintiff's suit. Plaintiff's counsel shall report to the Court in writing (no copy to defendants' counsel) the outcome of his efforts in to obtain other counsel to associate with him by March 17, 2003, including the name, address and phone number of the attorney, or if plaintiff's counsel is unable to find another attorney to associate with him on this case, he will include in his letter to the Court a description of his efforts to find such an attorney.

6. On or before April 1, 2003, plaintiff's counsel shall pay to the Clerk of Courts an additional $600 as a sanction for failure to timely respond to outstanding discovery, failure to communicate with opposing counsel about his inability to respond to discovery on a timely basis, his failure to comply with the Court's previous Order directing that discovery responses be served by February 7, 2003, and for his violation of Local Rule 7.1 with respect to the untimely filing of his response to the motion for sanctions. See Local Rule 7.1(d).

7. Failure by plaintiff or his counsel to abide by any of the deadlines provided in this Order may result in further sanctions.

Dated: March 7, 2003

Janie S. Mayeron

JANIE S. MAYERON
United States Magistrate Judge