UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SHERMAN CORNELIUS JOHNSON, CIVIL NO. 02-287 (RHK/JSM)

Plaintiff,

v.

ORDER

COUNTY OF HENNEPIN, et al.,

Defendants.

JANIE S. MAYERON, United States Magistrate Judge

This matter came on for hearing before the undersigned on June 4, 2003 upon Plaintiff's Motion to Amend Scheduling Order, seeking the extension of all scheduling dates in this case by 180 days [Docket No. 28]. This Order addresses that Motion. Albert T. Goins, Sr., Esq. and Ira W. Whitlock, Esq., appeared on behalf of plaintiff; Daniel Rogan, Esq. appeared on behalf of defendants.

## I. FACTUAL BACKGROUND

This case arises out of plaintiff Sherman Johnson's ("Johnson") claims regarding his alleged mistreatment by officials of the Hennepin County Adult Corrections Facility. Johnson's action was initially commended on January 31, 2002. On February 14, 2003, defendants (together as "Hennepin County") filed a motion for sanctions for Johnson's failure to timely respond to outstanding discovery requests served on September 13, 2002, and as ordered by this Court on January 6, 2003. During the hearing on this motion on March 3, 2003, Johnson's counsel, Ira Whitlock ("Whitlock") stated that he was a sole practioner, that he was freeing up time to focus on his private practice by terminating his

JUN 12 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

contract with the Ramsey County Public Defender's Office, and that he was attempting to find experienced counsel to assist him with the present case.

On March 7, 2003, this Court issued an Order in response to Hennepin County's motion for sanctions [Docket No. 25]. This Order required, in part, that Whitlock "make reasonable efforts to associate with counsel experienced in actions such as plaintiff's suit" by March 17, 2003.[1] In addition, in order to address the prejudice suffered by Hennepin County as a result of plaintiff's failure to timely respond to its outstanding discovery, the Order amended the Scheduling Order as follows:

| | |
|---|---|
| June 1, 2003: | disclosure of defendants' experts and expert reports; |
| July 1, 2003: | all discovery completed;[2] |
| July 1, 2003: | nondispositive motion deadline (served and filed); |
| September 1, 2003: | dispositive motion deadline (served, filed, scheduled and heard); and |
| November 1, 2003: | trial ready date. |

The Court's Order did not address Johnson's deadline for disclosure of his experts as this deadline had already passed on February 15, 2003.

Johnson now seeks an extension of all deadlines by 180 days. In support of his request for an extension, Johnson argues that while Whitlock successfully associated with new counsel (Albert Goins ("Goins") and Kathryn Burke ("Burke")) as of May 23, 2003, it would be impractical for new counsel to familiarize themselves with the facts of this case

---

[1] Whitlock subsequently communicated in writing to this Court on four different occasions regarding his efforts to find counsel to assist him on this matter.

[2] The original pretrial schedule dated July 30, 2002 set March 1, 2003 as the deadline for discovery [Docket No. 10]. The Court's Order of January 6, 2003 extended this deadline to April 1, 2003.

and finish discovery contemplated by the new lawyers by the July 1, 2003 discovery deadline. In this regard, Johnson informed the Court, pursuant to the Local Rule 16.3 Statement accompanying his motion and at the hearing, that in order to complete discovery, at a minimum, he needed to depose all defendants (at least nine in number, based on the caption) and possibly more persons; conduct a Rule 34 inspection of the Hennepin County Adult Corrections Facility; depose defendants' experts; and identify and disclose his own experts. In addition, Johnson's attorney, Goins, indicated at the hearing that he might need to do a second round of written discovery as follow-up to the current discovery that is outstanding and the depositions he intends to take. Johnson further requested that his deadline for expert disclosures be extended because Whitlock erroneously believed that he had made adequate expert disclosures in Johnson's Rule 26(a)(1) pre-discovery disclosures.

At the June 4, 2003 hearing, Whitlock asserted that he had made diligent attempts to comply with this Court's March 7, 2003 Order requiring him to make reasonable efforts to associate with experienced counsel, and that at one point, he thought another attorney, Larry Reed, had agreed to work with him on the case. However, it was not until May 23, 2003, that Whitlock found counsel to represent Johnson with him – Goins and Burke. On May 29, 2003, Goins and Burke filed a Notice of Appearance as co-counsel with Whitlock as the attorneys of record for Johnson.

Whitlock also informed the Court at the hearing that he attempted to draft written discovery requests on his own, but had held off serving them until he had the input of experienced counsel.[3] On May 30, 2003, shortly after he associated with Goins and Burke,

---

[3] Whitlock stated at the hearing that he had prepared a draft of written discovery and that he thought that Larry Reed, who Whitlock believed was going to help

written discovery requests were served on Hennepin County.

In response to this Court's question at the hearing as to what would be the absolute minimum amount of time it would take Johnson to complete all of the discovery proposed (assuming the Court were not going to grant an extension of 180 days), Goins stated he needed a minimum extension of 60 days from the present July 1, 2003 discovery deadline in order to complete discovery.

## II. DISCUSSION

Rule 16(b) of the Federal Rules of Civil Procedure states: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Under the Local Rules of this Court, a Magistrate Judge is authorized to modify pretrial schedules "upon written motion and for good cause shown." Local Rule 16.3(a). In considering the question of whether good cause has been demonstrated, the Court looks at, among other considerations, the statement accompanying the motion required by Local Rule 16.3(b), which requires the moving party to provide to the Court the following information:

(1) What discovery remains to be completed;
(2) What discovery has been completed;
(3) Why all discovery has not been completed; and
(4) How long it will take to complete discovery.

The good cause standard of Rule 16(b) "is an exacting one, for it demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence

---

him on this case, was going to review it prior to service on Hennepin County. However, due to miscommunication between Reed and Whitlock as to what role Reed was willing to play on the case, it turned out that Reed had not agreed to associate with Whitlock to represent Johnson. Therefore, Reed never did review or comment on Whitlock's draft of discovery and it was not served until after Goins and Burke associated with Whitlock on the case.

of the party seeking the extension.'" Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota, 187 F.R.D. 578, 581-82 (D. Minn. 1999) (quoting Fed. R. Civ. P. 16(b), Advisory Committee Notes – 1983 Amendment) (additional citation omitted). "[T]he question of good cause does not turn on the existence or absence of prejudice to the non-moving party." Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631 (D. Minn. 2000) (citation omitted); see also Archer Daniels Midland Co., 187 F.R.D. at 582.

Hennepin County argues that Johnson has not demonstrated good cause as to why he was not able to meet the deadlines in the Amended Pretrial Scheduling Order, and that he could have met these discovery deadlines if he had exercised due diligence during the past three months while at the same time trying to associate with new counsel. In addition, Hennepin County contends that deciding whether to amend a scheduling order, under Rule 16, does not turn on prejudice (citing Scheidecker, 193 F.R.D. at 631).[4]

It is clear that Johnson had nothing to do with his counsel's failure to undertake discovery. What is evident is that Whitlock alone was unable to adequately represent Johnson. That is why this Court on March 7, 2003, ordered Whitlock to make reasonable efforts to retain new counsel, which he has now done. While these efforts took longer than the Court had hoped, as soon as new counsel was retained, written discovery on behalf of Johnson was served on Hennepin County. The requirement that Whitlock find new counsel to associate with him on the case for the purpose of providing Johnson with competent representation to pursue his claim, would be pointless if this Court did not

---

[4] On the other hand, Hennepin County complains that it will suffer prejudice if Johnson's motion is granted. (See Defendants' Memorandum In Opposition to Motion Pursuant to Rule 16 to Amend Scheduling Order at p. 5).

permit the new counsel adequate time to get up to speed on the facts, and exercise their skills in bringing the case to a trial ready status.

This Court does not countenance the situation in which Whitlock has placed his client, Hennepin County or the Court. However, Johnson should not be penalized for his attorney's conduct. Rather, he should be allowed to have his case fully adjudicated with the aid of counsel who are experienced and are familiar with the federal court system and rules. Given the unique circumstances of this case, Johnson has shown good cause to extend the deadlines in the Amended Pretrial Scheduling Order.

However, the 180-day extension requested by Johnson is unacceptable. Johnson's case was commenced almost a year-and-a-half ago, and until the end of May, 2003, he has done virtually nothing to advance his case. The Court appreciates that Johnson's new counsel have many other cases to address, but presumably counsel would not have agreed to take on the Johnson matter if they did not believe they would be able to handle it, even under the current schedule. On the other hand, based on counsels' representations as to what needs to be done before the discovery deadline, this Court believes that a four-month extension of the present scheduling deadlines will be more than sufficient to address these needs.

This Court also finds that Johnson should be provided the opportunity for expert disclosure in the interest of justice. This Court's March 7, 2003 Amended Scheduling Order extended the deadline for Hennepin County's expert disclosures, but did not address Johnson's deadline of February 15, 2003, which had already expired. Whitlock stated at the June 4, 2003 hearing that Johnson's deadline for expert disclosures should be extended because he incorrectly believed that he made the required expert disclosures in

Johnson's Rule 26(a)(1) pre-discovery disclosures.

Again, it appears that counsel's inexperience is the root of the problem. If Johnson were not permitted to make his expert disclosures, then due to the ignorance of his attorney, Johnson would be precluded from having experts at trial on the issues of liability and damages. Such a result may make it very difficult, if not impossible, for Johnson's new counsel to properly prosecute his case, and again, would deny Johnson the benefit of this Court's Order requiring Whitlock to associate with experienced counsel. Therefore, this Court will give Johnson until August 15, 2003 to disclose his experts and expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(A) and 26(a)(2)(B).

While prejudice or lack of it to Hennepin County is not the basis of this Court's decision, the Court does note that the previous extension to the discovery schedule was granted by this Court in order relieve the prejudice to Hennepin County resulting from Johnson's failure to timely respond to the County's written discovery. The Court believes that this Order again protects the County's interests. It gives Hennepin County the opportunity to respond to any expert disclosures by plaintiff and depose his experts, and it accommodates the County's desire to present the Court its dispositive motions well in advance of the trial ready date.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Scheduling Order [Docket No. 28] is granted as follows:

The Amended Scheduling Order dated March 7, 2003, shall be amended as follows:

August 15, 2003: disclosure of plaintiff's experts and expert reports

October 1, 2003: disclosure of defendants' experts and expert reports;

November 1, 2003: all discovery completed;

November 6, 2003: nondispositive motion deadline (served and filed);

January 1, 2003: dispositive motion deadline (served, filed, scheduled and heard); and

March 1, 2004: trial ready date.

An Amended Scheduling Order reflecting these changes shall be issued separately.

Dated: June 12, 2003

Janie S. Mayeron

JANIE S. MAYERON
U.S. Magistrate Judge