**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Sherman Cornelius Johnson,

Plaintiff,

vs.

County of Hennepin, a Minnesota Municipality; Hennepin County Adult Corrections Facility; Workhouse Superintendent John Skavnek [sic], Correctional Officers John Brownley Daily, Timothy Scott Howe, Troy Donald Jemtrud, James Robin Kiecksee, Roy Thomas Kuha, Chad Thomas May, Russell P. Ort, John or Jane Does I to V, all individually and in their official capacities,

Defendants.

**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER**

Civil No. 02-287 (RHK/JSM)

---

Pursuant to Requests for Production of Documents by both Plaintiff and Defendants, through their respective counsel, and subject to this Court's approval, stipulate and agree that:

1. All information disclosed, furnished or submitted to Plaintiff by or on behalf of Defendants to Plaintiff in this litigation, whether or not designated "CONFIDENTIAL," shall be used solely in connection with pretrial proceedings, preparation for trial, trial, settlement, or other proceedings in this litigation. The only exception will be information that is considered to be public data under the Minnesota Data Practices Act, and specifically Minn. Stat. Sec. 13.43 (Personnel Data).

2. All information disclosed, furnished or submitted to Defendants by or on behalf of Plaintiff in this litigation, whether or not designated "CONFIDENTIAL," shall be used solely in connection with pretrial proceedings, preparation for trial, trial, settlement, or other proceedings in this litigation. The only exception will be information that is considered to be

FILED JUN 23 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

public data under the Minnesota Data Practices Act, and specifically Minn. Stat. Sec. 13.43 (Personnel Data).

3. The term "CONFIDENTIAL" documents or information shall be deemed to refer to:

a. All records relating to managers' and supervisors' investigations into any complaints or performance issues concerning any of Defendants' employment with Hennepin County. The only exception is that information which is deemed to be public information under Minn. Stat. Sec. 13.43 (Personnel Data).

b. Any personnel information regarding both current and former Hennepin County employees that is not otherwise considered to be public data under Minn. Stat. Sec. 13.43 (Personnel Data).

c. All medical records concerning the Plaintiff.

d. All tax records concerning the Plaintiff.

e. All documents stamped "CONFIDENTIAL."

4. The discovery documents in their entirety shall be used solely for the purpose of this action and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Order. The only exception will be information that is considered to be public data under the Minnesota Data Practices Act, and specifically Minn. Stat. Sec. 13.43 (Personnel Data).

5. Access to all discovery documents and to the information therein (including extracts and summaries derived from them) shall be restricted to:

a. the attorneys in the law offices appearing in this action for Plaintiff and Defendants and personnel who are directly employed by those firms and are assisting the attorneys working on this action;

b. the Plaintiff and those individual Defendants or employees of Defendants whose assistance is required in the preparation of this litigation for trial and who must have access to the materials to render this assistance;

c. outside experts or consultants retained in connection with this action;

d. the Court and court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial of this litigation; and

e. such other persons as the parties shall agree to in writing, or the Court shall determine.

6. Each qualified person described in subparagraphs (b), (c) or (e) of the preceding paragraph to whom discovery documents are to be furnished, shown or disclosed shall first be presented by the disclosing party with a copy of this Protective Order. All such persons shall be bound by the terms of this Protective Order, and shall not permit disclosure of the discovery documents or the information contained therein other than pursuant to the terms of the Order.

7. All discovery documents or information designated as "CONFIDENTIAL," as defined by paragraph 3 of this Stipulation, shall be filed with the Court under seal.

8. The parties reserve the right to challenge the designation of documents or testimony as "CONFIDENTIAL." The parties reserve the right to seek a court order compelling that particular documents or testimony designated as "CONFIDENTIAL" are not protected as confidential or private data under the Minnesota Data Practices Act or other applicable law.

9. Upon termination of this action (whether by judgment, settlement or otherwise), both Plaintiff and Defendants shall assemble all discovery documents designated as "CONFIDENTIAL," as defined by paragraph 3 of this Stipulation, including copies thereof, and place these documents in a separate sealed sub-file marked "CONFIDENTIAL." Upon closing the file, only the Plaintiff's and Defendants' counsels working on this matter and their staff members may have access to the "CONFIDENTIAL" sub-file in the future.

10. Nothing in the Order shall be deemed to restrict in any way any party or its attorneys with respect to that party's own documents.

11. Upon settlement or final judgment, all copies of discovery documents introduced into evidence that are designated as "CONFIDENTIAL," as defined by paragraph 3 of this Stipulation, in the subject action shall be withdrawn from evidence and returned to the respective party.

12. In any deposition, the parties may designate as "CONFIDENTIAL" any testimony regarding the discovery documents that are designated as "CONFIDENTIAL," as defined by paragraph 3 of this Stipulation, by advising the reporter of such fact.

13. The Court, pursuant to its power under Minn. Stat. Sec. 13.03, Subd. 6, hereby authorizes Defendant Hennepin County and its agents to release to Plaintiff, pursuant to the confidentiality terms of this order, all private data that Hennepin County determines is both relevant to this suit and is responsive to Plaintiff's discovery requests.

14. This Order does not require Defendants to disclose any private data under Minn. Stat. Sec. 13.43 that Defendants determine is not relevant to this case and, that pursuant to the balancing criteria of Minn. Stat. Sec. 13.03, Subd. 6, is not subject to disclosure in this suit. Both parties agree that: (a) Plaintiff has preserved his right to seek a court order compelling release of any private or confidential data that is not disclosed by Defendants; and (b) Defendants have preserved their rights, pursuant to Minn. Stat. Sec. 13.03, to contest the release of private or confidential data.

15. This Order does not require Plaintiff to disclose any information that he believes is not subject to disclosure under the applicable discovery rules. Both parties agree that: (a) Defendants have preserved their right to seek a court order compelling release of any information or documents that are not disclosed by Plaintiff; and (b) Plaintiff has preserved his rights to

contest the release of information or documents that she reasonably believes is not subject to disclosure under the discovery rules.

16. If the Court ultimately orders either party to disclose disputed discovery information or documents and if any part of the disclosed material is designated as "CONFIDENTIAL," as defined by paragraph 3 of this Stipulation, then this Order's provisions providing for the confidential handling of "CONFIDENTIAL" discovery materials shall apply to these materials.

17. Plaintiff and Defendants may apply to the Court for a modification of this Order, and nothing in the Order shall be deemed to prejudice their rights to seek modification.

Dated: 6/17, 2003

OFFICE OF THE HENNEPIN COUNTY ATTORNEY

By: Dan Rogan

Daniel Rogan (0274458)
Assistant County Attorney
Attorney for County of Hennepin
2000A Government Center
Minneapolis, MN 55487
Telephone: (612) 348-5529
Fax No: (612) 348-8299

Dated: 6/17, 2003

**Attorney for Defendants**

Goins & Wood, P.C.

By______________________
Albert Turner Goins, Sr. (#126159)
Kathryn R. Burke, # 299583
301 Fourth Avenue South
378 Grain Exchange Building
Minneapolis, MN 55415
(612) 339-3848
(612) 339-3853

and

Ira W. Whitlock. (#265275)
Whitlock Law Offices
906 Minnesota Building
46 East 4th Street
Saint Paul, MN 55101
(651) 221-1075
(651) 221-1037

**Attorneys for Plaintiff**
**Sherman Cornelius Johnson**

The Court, being duly advised of the terms of Stipulation for Protective Order in this matter (No. 02-287 (RHK/JSM), hereby grants the Protective Order.

**Approved and so ordered.**

Dated: 6/23, 2003

BY THE COURT:

______________________
The Honorable Janie S. Mayeron
U.S. Magistrate Judge of District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.